UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JUREALL D. MILES, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:20-CV-241-WCL-SLC |
| GRANT COUNTY COMMISSIONERS, et al., | |
| Defendants. | |

OPINION AND ORDER

Jureall D. Miles, a prisoner proceeding without a lawyer, filed a complaint under 42 U.S.C. § 1983. (ECF 1.) Pursuant to 28 U.S.C. § 1915A, the court must screen the complaint to determine whether it states a claim for relief. The court must bear in mind that "[a] document filed *pro se* is to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citation omitted).

Mr. Miles is suing the Grant County Commissioners, the Indiana Department of Correction ("IDOC"), the Marion County Jail, and an individual named Johnny Jones. In effect, Mr. Miles asserts that Jones impersonated him and committed crimes in his name. He claims that staff at the Marion County Jail were negligent in processing Jones and in not noticing that he was using Mr. Miles' identification. After Jones was released from the jail, he committed offenses that caused Mr. Miles' parole to be revoked in Grant County. Mr. Miles blames the Grant County Commissioners and the IDOC for

not discovering this error and releasing him. He seeks monetary damages and a declaration that his constitutional rights have been violated.

Upon review, Mr. Miles fails to state a viable claim for relief. To the extent Mr. Miles is trying to obtain release from custody or to have his conviction declared invalid, he cannot seek such relief in this civil rights action. Instead, his sole remedy lies in habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 488 (1973). Assuming any of his allegations survive that barrier, they do not state a plausible constitutional claim against any named defendant. It is apparent from the complaint that Jones is a private citizen, and he cannot be sued for constitutional violations. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 822 (7th Cir. 2009); *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). The Marion County Jail is a building, not a person or even a policy-making body, and it cannot be sued for constitutional violations either. *See Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012); *Fain v. Wayne Cty. Auditor's Office*, 388 F.3d 257, 261 (7th Cir. 2004). There is nothing to suggest that any of the Grant County Commissioners were personally involved in these events, and they cannot be held liable solely because they oversee matters within the county or supervise other county personnel. *J.K.J. v. Polk Cty.*, 960 F.3d 367, 377 (7th Cir. 2020). Finally, the IDOC has Eleventh Amendment immunity and cannot be sued for damages in federal court. *Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001).

In the interest of justice, the court will allow Mr. Miles to file an amended complaint if, after reviewing the court's order, he believes that he can state a plausible constitutional claim against these defendants based on the events he describes. *See Abu-*

*Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018); *Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013).

For these reasons, the court:

(1) GRANTS the plaintiff until **August 31, 2020**, to file an amended complaint if he so wishes; and

(2) CAUTIONS him that if he does not respond by the deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A, because the current complaint does not state a claim upon which relief can be granted.

SO ORDERED on July 24, 2020.

s/William C. Lee  
JUDGE WILLIAM C. LEE  
UNITED STATES DISTRICT COURT