UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JUREALL D. MILES, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:20-CV-241-WCL-SLC |
| GRANT COUNTY COMMISSIONERS, et al., | |
| Defendants. | |

OPINION AND ORDER

Jureall D. Miles, a prisoner proceeding without a lawyer, filed an amended complaint under 42 U.S.C. § 1983. (ECF 9.) Pursuant to 28 U.S.C. § 1915A, the court must screen the complaint to determine whether it states a claim for relief. The court must bear in mind that "[a] document filed *pro se* is to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citation omitted).

In his original complaint, Mr. Miles sued the Grant County Commissioners, the Indiana Department of Correction ("IDOC"), the Marion County Jail, and an individual named Johnny Jones, claiming that Jones impersonated him and committed crimes in his name, causing his parole to be revoked. (ECF 1.) The court screened the complaint and determined that it did not state a claim for relief. (ECF 8.) In the interest of justice, the court afforded Mr. Miles an opportunity to file an amended complaint.

In the amended complaint, Mr. Miles adds new defendants, specifically, the Grant County Sheriff, the Marion County Sheriff, and a member of the Indiana parole

board. He claims that these defendants violated his due process rights by revoking his parole without "accurately determining whether the parolee even committed a charge that would violate parole." (ECF 9 at 7.) He clarifies that he is not seeking release from custody, but only monetary damages for the violation of his constitutional rights arising from the revocation of his parole and current detention.

Upon review, Mr. Miles fails to state a viable claim for relief. As he was previously told, he cannot challenge the validity of the parole revocation proceeding in this civil rights action. *Preiser v. Rodriguez,* 411 U.S. 475, 488 (1973). Nor can he pursue a claim for money damages for wrongful revocation of his parole or wrongful incarceration, because they rest on a presumption that his conviction is invalid. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). These claims cannot be brought unless and until his conviction is "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87. These claims must be dismissed without prejudice. *Polzin v. Gage*, 636 F.3d 834, 839 (7th Cir. 2011).

For these reasons, the court DISMISSES this action without prejudice pursuant to 28 U.S.C. § 1915A, and DIRECTS the clerk to close this case.

SO ORDERED on August 13, 2020.

s/William C. Lee  
JUDGE WILLIAM C. LEE  
UNITED STATES DISTRICT COURT